UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAI GOULSBY,<br><br>            Plaintiff,<br><br>    v.<br><br>GEORGE B. EATON, S. BECKER, V. ABERCROMBIE,<br><br>            Defendants. | CASE NO. C13-5970 RBL-KLS<br><br>ORDER ON PLAINTIFF'S PENDING MOTIONS |

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72. Currently before the undersigned are two motions filed by plaintiff, Mr. Goulsby. Mr. Goulsby asks for appointment of counsel (Dkt. 35) and for leave to amend the complaint. Dkt. 36.

**Background**

In this action plaintiff alleges that his right to practice his religion by attending Christian church and his right to recreation and exercise were violated by the Defendants when they placed him in segregation at the Thurston County Jail. Dkt. 7.

Plaintiff filed his complaint in November of 2013 but the Court could not serve a defendant until June of 2014 due to the fact that Mr. Goulsby failed to properly identify defendants. Dkt. 24. After defendants filed an Answer the undersigned entered a pretrial

ORDER ON PLAINTIFF'S PENDING MOTIONS- 1

scheduling order and set an October 31, 2014 discovery cutoff date. Dkt. 29. Three days after the discovery cutoff the Court received plaintiff's motions to appoint counsel and amend the complaint. Dkt. 35 and 36.

      A.      Motion to amend the complaint.

Fed. R. Civ. P. 15(a) governs amendment of a complaint before trial:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2) applies in this case as the answer was filed in July of 2014 and the motion to amend was not filed until November 2014, over three months later. Dkt. 28 and 36.

A court's decision to deny a motion to amend is reviewed for abuse of discretion, but there are policy reasons for liberally granting motions to amend when justice so requires. *Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir, 1997). The factors the undersigned must consider include undue delay, bad faith, prejudice to the opponent, and futility. *Id*.

The discovery cutoff date has passed and discovery is closed. Dkt. 29. The delay in filing the motion alone is grounds for denial. Amendment of the complaint at this late date would necessitate reopening discovery. "If the proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law." *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (*Citing Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463,

ORDER ON PLAINTIFF'S PENDING MOTIONS-
2

469 (D.N.J.1990).  In addition this Court has a local civil rule which addresses amending complaints.  The rule states:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

Local Civil Rule 15.  Mr. Goulsby did not file a proposed amended complaint and his motion to amend does not comply with the court's rules.  Dkt. 36.

For all the reasons stated above, the plaintiff's motion to file an amended complaint (Dkt. 36) is DENIED.

B.   Appointment of counsel.

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).  In deciding whether exceptional circumstances exist, a court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718

1  F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient

2  grasp of his case or the legal issue involved and an inadequate ability to articulate the factual

3  basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.

4  2004).

5        Plaintiff states that he cannot afford to hire counsel and the action may involve

6  conflicting testimony.  Dkt. 35.  However, neither the inability to hire counsel nor the fact that

7  the parties may disagree regarding the facts are exceptional circumstances warranting court

8  appointment of counsel.  This case does not involve complex facts or law and Plaintiff has

9  shown an ability to articulate his claims in a clear fashion understandable to the Court.  Further,

10 Plaintiff has does not show that he is likely to succeed on the merits of his case.  The plaintiff's

11 motion for appointment of counsel (Dkt. 35) is DENIED.

## **Conclusion**

13       Plaintiff's motion to amend (Dkt. 36) and for appointment of counsel (Dkt. 35) are

14 DENIED.

15       Dated this 30th day of December, 2014.

*[signature]*
Karen L. Strombom
United States Magistrate Judge