UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAI GOULSBY,

                Plaintiff,

    v.

GEORGE EATON, S. BECKER, V. ABERCOMBIE

                Defendants.

No. C13-5970 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  February 6, 2015**

       Before the Court is Plaintiff's voluntary motion to dismiss.  Dkt. 44.  Defendants do not object to Plaintiff's motion to dismiss the action without prejudice.  Dkt. 45.  The undersigned recommends that the motion be granted and the case dismissed without prejudice.

**BACKGROUND**

       Plaintiff, Rai Goulsby, filed his complaint in this 42 U.S.C. § 1983 case on November 8, 2013.  Dkt. 1.  It took a number of months to properly identify defendants so that they could be served and defendants did not appear until June of 2014.  Dkt. 27.  After an answer was filed, the undersigned entered a scheduling order.  Dkt. 28 and 29.  Mr. Goulsby complained that his placement in segregation at the Thurston County jail violated his constitutional rights including his right to practice his religion, his right to outdoor exercise, his ability to receive mental health care, and his ability to contact his attorney.  Dkt. 7.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ...." Fed. R. Civ. P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir.1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal."). Orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice. Fed. R. Civ. P. 41(a)(2); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). However, the rule gives the Court a broad grant of discretion and it "does not contain a preference for one kind of dismissal or another." *Hargis*, 312 F.3d at 412; 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2367 (3d ed. 2007) ("if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice.").

REPORT AND RECOMMENDATION - 2

Defendants do not object to Mr. Goulsby's request to dismiss the action without prejudice. Therefore, the Court should grant Plaintiff's motion to with draw his complaint (Dkt. 44), and dismiss this matter without prejudice.

**WRITTEN OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 6, 2015**, as noted in the caption.

DATED this 15th day of January, 2015.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge